(December 14, 1989)

■ OFFICIAL SECURED CREDITORS' COMMITTEE OF AMFESCO INDUSTRIES, INC., Appellant, v DAVID GREENBLATT et al., Respondents.—Order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered January 18, 1989, which granted defendants' motion pursuant to CPLR 3211 (a) seeking dismissal of the complaint on the grounds that plaintiff lacks standing to prosecute the claim and that the complaint fails to state a cause of action, unanimously modified, on the law, to the extent of reversing so much of the order as directs dismissal of the complaint upon the ground of lack of standing and, except as so modified, affirmed, without costs.

In proceedings instituted in United States Bankruptcy Court in the Eastern District of New York, plaintiff Creditors' Committee was authorized to commence an action against the directors of Amfesco Industries, Inc., the debtor in possession for waste, mismanagement and negligence. Plaintiff thereupon instituted a complaint alleging two causes of action. The first asserts that defendants breached a duty owed to Amfesco's creditors in that they neglected to keep themselves properly informed of the corporation's financial condition by failing to institute proper financial controls and reporting procedures, by failing to preserve corporate assets and by recklessly undertaking business expansion despite adverse market conditions in the shoe industry. It is further alleged that financial reports for the fiscal years ending June 1983 and June 1984 reflect annual net income exceeding $9 million when, in reality, the company sustained massive losses commencing in 1983. The second cause of action seeks a judgment pursuant to Business Corporation Law § 720 requiring each of the defendants to account for his conduct in the performance of his official duties.

Supreme Court dismissed the complaint, finding that plaintiff, as an ordinary creditor, lacked standing to maintain an action for corporate waste and that, in any event, the failure to allege specific acts or omissions on the part of particular directors renders the complaint insufficient (CPLR 3013). The

court further noted that the decision to expand was a business judgment, the wisdom of which the court will not assess in the absence of demonstrable bad faith *(Auerbach v Bennett,* 47 NY2d 619, 630-631). Finally, the allegations regarding the lack of financial controls were found to be merely conclusory. The court therefore dismissed the complaint with leave to replead a shareholders' derivative action alleging some act or omission which places the complaint outside the business judgment rule. The order requires the creditors to apply to Bankruptcy Court for appointment of a trustee or receiver authorized to maintain the action pursuant to Business Corporation Law § 720 or to pursue individual actions properly pleading fraud.

While we agree that the complaint is insufficient to state a cause of action and was properly dismissed, we do not agree that plaintiff, as an entity authorized by the Bankruptcy Court to maintain this action, lacks standing under our laws. The order of the Bankruptcy Court authorizes plaintiff to commence "in the name of the Debtors or in its own name, any action which the Debtors could commence and prosecute in their own right against the Directors". The corporation, as the debtor in possession in the bankruptcy proceeding, is specifically authorized to maintain an action under section 720 of the Business Corporation Law. Moreover, the qualified right of a creditors' committee to initiate adversary proceedings in the name of the debtor in possession has been recognized when that entity unjustifiably or in the abuse of its discretion fails to bring suit *(Matter of STN Enters. v Noyes,* 779 F2d 901, 904 [2d Cir 1985]). Finally, we are of the opinion that requiring the appointment of a trustee or receiver for the purpose of bringing an action which, if successful, ultimately inures to the benefit of the Creditors' Committee is, under the circumstances, an unnecessary and possibly expensive procedure. Concur—Murphy, P. J., Ellerin, Smith and Rubin, JJ.